**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Christopher David Polk** | Social Security number or ITIN  **xxx–xx–4675** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Georgia** | | |
| Case number:   **18–30913 JPS** | | Date case filed for chapter  **11   8/30/18** |

## Official Form 309E (For Individuals or Joint Debtors)
## Notice of Chapter 11 Bankruptcy Case

12/15

**For the debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 11 plan may result in a discharge of debt. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 10 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Christopher David Polk | |
| 2. | **All other names used in the last 8 years** | aka Chris Polk | |
| 3. | **Address** | 1651 Lighthouse Circle<br>Greensboro, GA 30642 | |
| 4. | **Debtor's attorney**<br>Name and address | Wesley J. Boyer<br>Boyer Terry LLC<br>348 Cotton Avenue<br>Ste 200<br>Macon, GA 31201 | Contact phone  478–742–6481 |
| 5. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202 | Hours open: Monday – Friday 8:30 AM – 5:00 PM<br><br>Contact phone  (478) 752–3506<br><br>Date: 9/5/18 |

**For more information, see page 2 >**

Debtor  **Christopher David Polk**                                                    Case number **18–30913 JPS**

---

| | | | |
|---|---|---|---|
| **6.** | **Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **October 17, 2018 at 11:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>**The Classic Center, 300 North Thomas Street, Athens, GA 30601** |

| | | | |
|---|---|---|---|
| **7.** | **Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br><br>• if you assert that the debtor is not entitled to receive a discharge of any debts under 11 U.S.C. § 1141(d)(3) or<br>• if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6). | First date set for hearing on confirmation of plan. The court will send you a notice of that date later.<br><br>**Filing deadline for dischargeability complaints: 12/17/18** |

**Deadline for filing proof of claim:**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

• your claim is designated as *disputed*, *contingent*, or *unliquidated*;
• you file a proof of claim in a different amount; or
• you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**1/15/19**

**Deadline to object to exemptions:**
The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection.

**Filing Deadline:**
30 days after the *conclusion* of the meeting of creditors

| | | |
|---|---|---|
| **8.** | **Creditors with a foreign address** | If you are a creditor receiving mailed notice at a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

| | | |
|---|---|---|
| **9.** | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate the debtor's business. |

| | | |
|---|---|---|
| **10.** | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of a debt. See 11 U.S.C. § 1141(d). However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you believe that a particular debt owed to you should be excepted from the discharge under 11 U.S.C. § 523 (a)(2), (4), or (6), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1141 (d)(3), you must file a complaint and pay the filing fee in the clerk's office by the first date set for the hearing on confirmation of the plan. The court will send you another notice telling you of that date. |

| | | |
|---|---|---|
| **11.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 7. |